IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | | |
|---|---|---|
| JERRY HUDDLESTON, on behalf of himself and all similarly situated employees, | : : : : | CIVIL ACTION |
| | : | No.: |
| | : | Hon. |
| Plaintiffs, | : | |
| v. | : : | |
| SLOAN ENVIRONMENTAL SERVICES, INC., a Michigan corporation, and ERIC SLOAN, an individual, | : : : : : | |
| | : | |
| Defendants. | : : | |

## PLAINTIFFS' COLLECTIVE ACTION COMPLAINT AND JURY DEMAND

NOW COMES Plaintiff, Jerry Huddleston, by and through his undersigned attorneys, and for his Collective Action Complaint against Defendants Sloan Environmental Services, Inc. and Eric Sloan (collectively, "Defendants"), states as follows:

## INTRODUCTION

1.      This is a collective action brought by Plaintiff Huddleston on behalf of himself and all similarly situated current and/or former hourly employees of Defendants (collectively "Plaintiffs") to recover damages for Defendants' willful

violation of the Fair Labor Standards Act, 29 U.S.C. §§ 201, *et seq.* ("FLSA") and its attendant rules and regulations.

2.     Defendants willfully violated the FLSA by knowingly suffering or permitting Plaintiffs to work in excess of 40 hours per week without paying overtime compensation at a rate of one-and-one-half times the regular rate.

3.     Defendants knew or should have known their hourly employees are not exempt under the FLSA and that their employees must be paid at a premium overtime pay rate of not less than one-and-one-half times the regular rate of pay as required under the FLSA for all hours worked in excess of forty (40) per week.

4.     Plaintiffs seek a declaration that their rights were violated, and a judgment awarding unpaid back wages, liquidated damages, and attorneys' fees and costs to make them whole for damages they suffered, and to help ensure Defendants will not subject future workers to the same illegal conduct in the future.

5.     Plaintiff Huddleston brings this action on behalf of himself and all similarly situated current and former hourly employees who elect to opt into this action pursuant to the FLSA, 29 U.S.C. § 216(b), to remedy Defendants' violations of the wage-and-hour provisions of the FLSA.  At the earliest time possible, Plaintiffs will seek permission to send a Court-authorized notice of this action pursuant to 29 U.S.C. § 216(b) to all hourly employees who are presently, or have

at any time during the three years immediately preceding the filing of this action, worked for Defendants.

## JURISDICTION AND VENUE

6.    This Court has subject-matter jurisdiction over Plaintiffs' FLSA claims, pursuant to 28 U.S.C. § 1331, because Plaintiffs' claims raise a federal question under 29 U.S.C. § 201, *et seq.*

7.    This Court has jurisdiction over this FLSA collective action pursuant to 29 U.S.C. § 216(b), which provides that suit under the FLSA "may be maintained against any employer . . . in any Federal or State court of competent jurisdiction."

8.    Defendants' annual sales exceed $500,000 and Defendants employ more than two persons, so the FLSA applies in this case on an enterprise basis. Defendants' employees engage in interstate commerce; therefore, they are also covered by the FLSA on an individual basis.

9.    Venue is proper in this District pursuant to 28 U.S.C. § 1391 because the actions and omissions giving rise to the claims pled in this Complaint substantially occurred in this District.

## PARTIES

10.    Plaintiff, Jerry Huddleston, is a resident of Lincoln Park, Michigan, and formerly worked for Defendants as an hourly, non-exempt employee. Plaintiff

Huddleston's Consent to Join form is attached hereto as *Exhibit A*.

11.     Opt-in Plaintiff Timothy Czekaj ("Plaintiff Czekaj"), is a resident of Monroe Michigan, and formerly worked for Defendants as an hourly, non-exempt employee. Plaintiff Czekaj's Consent to Join form is attached hereto as *Exhibit B*.

12.     Defendant Sloan Environmental Services, Inc. ("SES") is a Michigan corporation with its registered agent listed as Eric Sloan and its registered office address listed as 25920 Northline Commerce Drive, Taylor, Michigan 48180.

13.     Defendant Eric Sloan is President and owner of SES and, upon information and belief, resides in Monroe County, Michigan.

14.     Defendants SES and Eric Sloan are "joint employers" within the meaning of the FLSA, and have, to their mutual financial benefit and competitive business advantage, harmed Plaintiffs in violation of the FLSA.

## GENERAL ALLEGATIONS

15.     Defendants are in the business of providing asbestos, mold, and lead abatement services.

16.     According to the SES Facebook Page, the Defendant's ". . . mission is to provide [their] employees with an honest and helpful working environment, where every employee individually and collectively, can dedicate themselves to providing [their] customers with exceptional workmanship, extraordinary service and professional integrity. [Their] commitment to this mission will allow Sloan

Environmental Services to become not only a premier abatement company, but the premier abatement company in Southeast Michigan." [1]

17.    Eric Sloan is the owner and president of SES.

18.    In this role, he establishes the work schedule, instructs the Plaintiffs how to perform their duties, and determines how Plaintiffs will be paid.

19.    In order to provide its services to customers, Defendants have employed dozens of hourly employees during the past three years.

20.    Plaintiffs and all other similarly situated individuals were, or are, employed by Defendants as hourly employees holding positions such as supervisors and other labor positions.

21.    Plaintiff Huddleston began working for Defendants in April 2014 as an hourly supervisor and earned a base rate of pay of $27.50 per hour during the course of his employment with the Defendants and eventually received a raise to $28.50 per hour.

22.    Opt-In Plaintiff Czekaj began working for Defendants as an hourly employee and earned a base rate of pay of $27.50 per hour during the course of his employment with the Defendants.

23.    Plaintiff Huddleston reported directly to Defendant Eric Sloan regarding all matter related to his employment.

---

[1]See https://www.facebook.com/pg/Sloan-Environmental-Services-Inc 65509750305919/about/?ref=page_internal (last visited July 29, 2019).

**Defendants Failed To Pay Plaintiff Huddleston An Overtime**
**Premium Despite Working More Than 40 Hours Per Workweek**

24.     Plaintiff Huddleston's paystubs, attached hereto as ***Exhibit C,*** demonstrate that he was not paid an overtime premium despite working more than 40 hours in a workweek.

25.     For example, during the pay period from 9/12/2016-9/25/2016 (pay date 9/28/2016), Plaintiff Huddleston worked at total of 84 hours, all of which were paid at his base rate of $27.50 per hour. (*Id*.).

26.     During the pay period from 9/26/2016-10/09/2016 (pay date 10/12/2016), Plaintiff Huddleston worked at total of 82 hours, all of which were paid at his base rate of $27.50 per hour. (*Id*.).

27.     During the pay period from 10//24/2016-11/06/2016 (pay date 11/09/2016), Plaintiff Huddleston worked at total of 82 hours, all of which were paid at his base rate of $27.50 per hour. (*Id*.).

28.     During the pay period from 11//21/2016-12/04/2016 (pay date 12/07/2016), Plaintiff Huddleston worked at total of 83 hours, all of which were paid at his base rate of $27.50 per hour. (*Id*.).

29.     Defendants also attempted to evade their overtime obligations by providing multiple paychecks during the same pay period.  For example, Plaintiff Huddleston's paystubs show that during the pay period from 1/02/2017-1/15/2017

6

(pay date 1/18/2017), he worked a total of 80 hours, all of which were paid at his base rate of $27.50 per hour.  However, within that same pay period, Plaintiff Huddleston received a separate check dated 1/18/2017 attached hereto as ***Exhibit D***, showing that he worked 19 additional hours, all of which was paid at his base rate of $27.50 per hour (total check amount $522.50).

30.    Although the examples above are based on 80-hour workweeks, there is no question that overtime hours were worked (*i.e.*, more than 40 in a workweek).

31.    The examples shown in Plaintiff Huddleston's pay records establish *prima facie* violations of the FLSA and are clear evidence of the intentional and willful nature of Defendants' overtime pay scheme.

### Defendants Failed To Pay Opt-In Plaintiff Czekaj An Overtime Premium Despite Working More Than 40 Hours Per Workweek

32.    Plaintiff Czekaj also suffered from the Defendants' unlawful pay practices.

33.    Plaintiff Czekaj's paystubs, attached hereto as ***Exhibit E***, also demonstrate that he was not paid an overtime premium despite working more than 40 hours in a workweek.

34.    For example, during the pay period from 3/27/2017-04/09/2017 (pay date 4/12/2017), Plaintiff Czekaj worked at total of 85 hours, all of which were paid at his base rate of $27.50 per hour. (*Id.*).

35.    Defendants also attempted to evade their overtime obligations by

providing multiple paychecks during the same pay period. For example, Plaintiff Czekaj's paystubs show that during the pay period from 7/31/2017-8/13/2017 (pay date 8/17/2017), he worked a total of 81 hours, all of which were paid at his base rate of $27.50 per hour. However, within that same pay period, Plaintiff Czekaj received a separate check dated 8/17/2017, showing that he worked 8 additional hours, all of which was paid at his base rate of $27.50 per hour (total check amount $220). (*Id*.).

36. Plaintiff Czekaj's paystubs show that during pay date 10/12/2017, he worked a total of 80 hours, all of which were paid at his base rate of $27.50 per hour. However, within that same pay period, Plaintiff Czekaj received a separate check dated 10/12/2017, wherein he worked 5 additional hours, all of which was paid at his base rate of $27.50 per hour (total check amount $137.50). (*Id*.).

37. Plaintiff Czekaj's paystubs show that on pay date 11/22/2017, he worked a total of 80 hours, all of which were paid at his base rate of $27.50 per hour. However, within that same pay period, Plaintiff Czekaj received a separate check dated 11/22/2017, wherein he worked 5 additional hours, all of which was paid at his base rate of $27.50 per hour (total check amount $137.50). (*Id*.).

38. The examples shown in Plaintiff Czekaj's pay records establish prima facie violations of the FLSA and are clear evidence of the intentional and willful nature of Defendants' overtime pay scheme.

## FLSA COLLECTIVE ACTION ALLEGATIONS

39.     At all times within the past three years, Defendants failed to pay any of their hourly employees all overtime due for hours worked in excess of 40 per week.

40.     Accordingly, Plaintiff Huddleston brings this action pursuant to 29 U.S.C. § 216(b) of the FLSA on his own behalf and on behalf of:

> *All current and former hourly employees who worked for Defendants at any time during the last three years.*

(hereinafter referred to as the "Collective").  Plaintiffs reserve the right to amend this definition as necessary.

41.     Excluded from the proposed Collective are Defendants' exempt employees, if any, including executives, administrative and professional employees, computer professionals, and outside sales persons.

42.     With respect to the claims set forth in this action, a collective action under the FLSA is appropriate because the employees described above are "similarly situated" to Plaintiffs under 29 U.S.C. § 216(b).  The employees on behalf of whom Plaintiff Huddleston brings this collective action are similarly situated because: (a) they have been or are employed in the same or similar positions; (b) they were or are subject to the same or similar unlawful practices, policy, or plan; and (c) their claims are based upon the same or similar factual and legal theories.

9

43.     The employment relationships between Defendants and every Collective member are the same and differ only in name, location, and rate of pay. The key issues – a policy of failing to pay the required overtime premium – does not vary from employee to employee.

44.     The key legal issues are also the same for every Collective member, to wit: whether the Collective members were paid the required overtime wages due under the FLSA for hours worked in excess of 40 per week.

45.     Plaintiffs estimate that the Collective, including both current and former employees over the relevant period, will include dozens of individuals. The precise number of individuals should be readily available from a review of Defendants' personnel and payroll records.

46.     Defendants willfully engaged in a pattern of violating the FLSA, as described in this Complaint in ways including, but not limited to, by routinely suffering or permitting Plaintiffs and the Collective to work in excess of 40 hours per week without paying the required overtime premium.

47.     Defendants' conduct constitutes a willful violation of FLSA within the meaning of 29 U.S.C. § 255(a).

48.     The proposed Collective should be promptly notified of and allowed to opt-in to this action, pursuant to 29 U.S.C. § 216(b).

49.     Unless the Court promptly authorizes such a notice to the proposed

Collective, the members of which were unlawfully deprived of overtime pay under the FLSA, the statute of limitations may prevent them from securing unpaid overtime compensation to which they are entitled, and which has been unlawfully withheld from them by Defendants.

## COUNT I
## VIOLATIONS OF THE FAIR LABOR STANDARDS ACT, 29 U.S.C. § 201, *et seq.*, FAILURE TO PAY OVERTIME

50.     Plaintiffs repeat and re-allege the preceding paragraphs as if fully stated herein.

51.     At all times relevant to this Complaint, Defendants were joint "employers" under the FLSA, 29 U.S.C. § 203(d), subject to the provisions of 29 U.S.C. §§ 201, *et seq.*; 29 C.F.R. § 791.2.

52.     At all times relevant to this Complaint, Plaintiffs were "employees" of Defendants within the meaning of the FLSA, 29 U.S.C. § 203(e)(1).

53.     Plaintiffs either (1) engaged in commerce; or (2) engaged in the production of goods for commerce; or (3) were employed in an enterprise engaged in commerce or in the production of goods for commerce.

54.     Plaintiffs and the proposed Collective members are not exempt from the FLSA.

55.     At all times relevant to this Complaint, Defendants "suffered or permitted" Plaintiffs to work and thus "employed" them within the meaning of the

FLSA, 29 U.S.C. § 203(g).

56.     The FLSA requires an employer to pay employees the federally mandated overtime premium rate of one and one-half times their regular rate of pay for every hour worked in excess of 40 hours per workweek. 29 U.S.C. § 207.

57.     Plaintiffs regularly worked over 40 hours per week while employed by Defendants.

58.     Defendants violated the FLSA by failing to pay Plaintiffs overtime compensation, at the rate of one and one-half times their regular hourly rate, for all hours worked in excess of 40 per workweek.

59.     Defendants' violations of the FLSA were willful, with knowledge or reckless disregard of the statutory overtime requirements, as demonstrated by their failure to pay Plaintiffs an overtime premium for all hours worked in excess of 40 per week.

60.     As a result of the foregoing, Plaintiffs were injured and seek appropriate relief against Defendants including back pay, liquidated damages, reasonable attorneys' fees and costs, and all other relief just and appropriate in the circumstances.

## COUNT II

### VIOLATION OF 29 C.F.R § 516, *et seq*.
### FAILURE TO MAINTAIN REQUIRED RECORDS

61.   Plaintiffs re-alleges and incorporates all previous paragraphs herein and further alleges as follows.

62.   29 C.F.R § 516.1 subjects "every employer subject to any provisions of the Fair Labor Standards Act" to maintain employee records.

63.   The FLSA requires all employers to keep all payroll records and time records for at least three (3) years (including all basic timecards and daily starting/stopping times of individual employees).   See 29 U.S.C. § 211(c); 29 C.F.R. 516.1, *et seq*.

64.   As Plaintiffs' employer, Defendants were subject to the FLSA's recordkeeping requirements.

65.   Defendants' obligations were to maintain and preserve payroll or other records containing, without limitation, the total hours worked by each employee each workday and total hours worked by each employee each workweek.  29 C.F.R § 516.2.

66.   Upon information and belief, Defendants maintain corporate policies and/or practices of evading pay for its hourly employees by altering their time records and pay periods.

67.   Defendants failed to maintain and preserve accurate timesheets and

payroll records as required by 29 C.F.R § 516.2.

68.    When the employer fails to keep accurate records of the hours worked by its employees, the rule in *Anderson v. Mt. Clemens Pottery Co.*, 328 U.S. 680, 687-88, 66 S. Ct. 1187, 1192 (1946) is controlling. That rule states:

> [w]here the employer's records are inaccurate or inadequate . . . an employee has carried out his burden if he proves that he has in fact performed work for which he was improperly compensated and if he produces sufficient evidence to show the amount and extent of that work as a matter of just and reasonable inference. The burden then shifts to the employer to come forward with evidence of the precise amount of work performed or with evidence to negative the reasonableness of the inference to be drawn from the employee's evidence. If the employer fails to produce such evidence, the court may then award damages to the employee, even though the result be only approximate.

69.    The Supreme Court set forth this test to avoid placing a premium on an employer's failure to keep proper records in conformity with its statutory duty, thereby allowing the employer to reap the benefits of the employees' labors without proper compensation as required by the FLSA. Where damages are awarded pursuant to this test, "[t]he employer cannot be heard to complain that the damages lack the exactness and precision of measurement that would be possible had he kept records in accordance with . . . the Act." *Id.*

70.    As a result of Defendants' recordkeeping violations, Plaintiffs seek a declaratory judgment and order that the *Anderson* burden-shifting framework applies in this case, along with all other relief just and appropriate in the

circumstances.

## **RELIEF REQUESTED**

WHEREFORE, Plaintiff Huddleston, on behalf of himself and all others similarly situated, requests an order for relief as follows:

a. Conditionally certifying this case as a collective action in accordance with 29 U.S.C. § 216(b) with respect to the FLSA overtime claim set forth herein (Count I);

b. Ordering Defendants to disclose in computer format, or in print if no computer readable format is available, the names, addresses, and email addresses of all similarly situated individuals, and authorizing Plaintiffs to send notice of this action to all those similarly situated individuals, including the publishing of notice in a manner that is reasonably calculated to apprise the them of their rights by law to join and participate in this lawsuit;

c. Designating Plaintiff Huddleston as the representative of the FLSA collective action and undersigned counsel as counsel for the same;

d. Declaring Defendants violated the FLSA, and the Department of Labor's attendant regulations as cited herein, in connection with the FLSA recordkeeping provisions (Count II);

e. Finding Defendants' FLSA violations were willful;

f. Granting judgment in favor of Plaintiffs and against Defendants and awarding Plaintiffs and the Collective members the full amount of damages and liquidated damages available by law;

g. Awarding reasonable attorneys' fees and costs incurred by Plaintiffs in filing this action as provided by statute; and

h. Awarding such other and further relief as this Court deems appropriate.

## <u>JURY DEMAND</u>

Plaintiff Huddleston, individually and on behalf of all others similarly situated, by and through his attorneys, hereby demands a trial by jury pursuant to Rule 38 of the Federal Rules of Civil Procedure and the court rules and statutes made and provided with respect to the above entitled cause.


Date: August 9, 2019                                    Respectfully Submitted,

                                                              */s/ Jesse L. Young*
                                                              Jesse L. Young (P72614)
                                                              Thomas J. Cedoz (P82094)
                                                              **KREIS ENDERLE, P.C.**
                                                              8225 Moorsbridge, P.O. Box 4010
                                                              Kalamazoo, Michigan 49003-4010
                                                              (269) 324-3000 (Tel.)
                                                              jyoung@kehb.com
                                                              tcedoz@kehb.com