UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JERRY HUDDLESTON, III

    Plaintiff,

v.

    Case No. 19-cv-12364
    Hon. Matthew F. Leitman

SLOAN ENVIRONMENTAL
SERVICES, INC., *et al.*,

    Defendants.
_____/

## ORDER GRANTING IN PART PLAINTIFF'S MOTION FOR CONDITIONAL CERTIFICATION (ECF NO. 11)

In this putative collective action, Plaintiff Jerry Huddleston, on behalf of himself and other similarly situated individuals, alleges that Defendants Sloan Environmental Services, Inc. and Eric Sloan (collectively, "Sloan") willfully violated the Fair Labor Standards Act, 29 U.S.C. § 201 (the "FLSA") when Sloan failed to pay required overtime. (*See* Compl., ECF No. 4.) Sloan denies the allegations.

On November 11, 2019, Huddleston filed a motion seeking to conditionally certify the following proposed collective under the FLSA:

> All current and former hourly employees who worked for Sloan Environmental Services, Inc. at any time in the past three years.

(Mot., ECF No. 11, PageID.121.) Huddleston also seeks an order from the Court (1) approving his counsel as counsel for the proposed collective, (2) approving his proposed form of notice and authorizing dissemination of that notice to each member of the proposed collective by mail and email, (3) requiring Sloan to identify and produce the names, phone numbers, last known addresses, and email addresses of all proposed collective members in a computer-readable format within 14 days, and (4) giving members of the proposed collective 45 days from the date the notice is mailed to join this case if they so choose. (*See id.*, PageID.118-119.)

Sloan filed a response to the motion on December 2, 2019. (*See* Resp., ECF No. 13.) Sloan does not object to most of Huddleston's requested relief. However, Sloan does object to the scope of the proposed collective and how long Sloan should be given to produce the names and contact information of the members of the proposed collective. (*See id.*)

Sloan first argues that Huddleston's "proposed collective and notice associated with that proposed collective[] should be limited at this stage to those similarly situated, hourly employees employed by [Sloan] in the last two years," not three years as Huddleston requests. (*Id.*, PageID.156.) Sloan says that the proposed collective should only look back two years because "under the Fair Labor Standards Act, the statute of limitations is two years." (*Id.*, PageID.159.)

2

The Court disagrees. As Sloan acknowledges, the FLSA's two-year statute of limitations "can be extended to three years in situations where the employer knew or showed reckless disregard for the matter of whether its conduct was prohibited by the statute." (*Id.*) And Huddleston has alleged such a "willful" violation in this case. (*See* Compl., ECF No. 4.) Where, as here, a plaintiff "alleges that the employer's violations [of the FLSA] were willful, but willfulness is disputed … courts in this district and elsewhere generally find that a three-year limitations period is appropriate to use in the notice to potential class members." *Kim v. Detroit Med. Informatics*, *LLC*, 2019 WL 6307196, at *5 (E.D. Mich. Nov. 25, 2019) (citing cases). As another Judge on this Court previously explained:

> Given the fact that opt-in notice at this early stage of the litigation is to be construed broadly in furtherance of the remedial purposes of the FLSA … and the fact that it would be prudent to cast a wider net with respect to potential plaintiffs at the early stage, and then limit the class—if appropriate—in the second phase of the collective action process, the Court will apply a three-year statute of limitations period for potential members of the exempt classes. The Court finds this route is more practical than the route prescribed in its earlier order of mailing a second round of notices to potential opt-in members if the Court finds the defendants' actions constitute willfulness later in the proceedings.

*Matthews v. ALC Partner, Inc.*, 2009 WL 10680524, at *3 (E.D. Mich. Oct. 27, 2009) (internal citations omitted). The Court finds the reasoning of *Kim*, *Matthews*, and the cases cited in those decisions persuasive. And Sloan has neither identified

3

any contrary authority nor supported its argument that the proposed collective should be limited to two years in any other meaningful way. The Court therefore will certify the proposed three-year collective defined in Huddleston's motion.[1]

Second, Sloan "ask[s] that [it] be given 30 days, as opposed to 14 days, to produce names, last known addresses, last known telephone numbers, and known email addresses of [its] current and former hourly employees." (Resp., ECF No. 12, PageID.160.) Sloan has not explained why it needs this additional time. However, due to the forthcoming Christmas holiday, the Court will grant Sloan some limited additional time to produce the names and contact information of its employees. Sloan shall produce this information to Huddleston by no later than **December 30, 2019**.

Accordingly, for all of the reasons stated above, Huddleston's motion for conditional certification is **GRANTED** as follows:

- The Court conditionally certifies a collective of all current and former hourly employees who worked for Sloan Environmental Services, Inc. at any time in the past three years;

---

[1] To be clear, the Court is not reaching any decision with respect to the merits of Huddleston's allegation that Sloan acted willfully and is therefore subject to a three-year statute of limitations. It holds only that Huddleston may send out the proposed notice to all employees who worked for Sloan during the past three years. The Court will determine the appropriate statute of limitations to apply to Huddleston's claims at a later phase of this action.

4

- The Court appoints Huddleston's counsel, Jesse L. Young, Thomas J. Cedoz, and the law firm of Kreis Enderle, P.C., as counsel for the collective;

- The Court approves Huddleston's proposed form of notice attached as Exhibit A to his motion (*see* ECF No. 11-1) and authorizes him to disseminate that notice to each member of the collective by mail and email;

- Sloan shall produce to Huddleston the names, last known phone numbers, last known addresses, and last known email addresses of all proposed collective members in a computer-readable format by no later than **December 30, 2019**; and

- Members of the proposed collective shall have forty-five (45) days from the date the notice is mailed to join this action if they so choose.

**IT IS SO ORDERED**.

s/Matthew F. Leitman<br>
MATTHEW F. LEITMAN<br>
UNITED STATES DISTRICT JUDGE

Dated: December 9, 2019

I hereby certify that a copy of the foregoing document was served upon the parties and/or counsel of record on December 9, 2019, by electronic means and/or ordinary mail.

s/Holly A. Monda<br>
Case Manager<br>
(810) 341-9764