IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| JERRY HUDDLESTON, on behalf of himself and all similarly situated employees, | Case No.: 4:19-cv-12364 |
| | Hon. Matthew F. Leitman |
| Plaintiffs, | |
| v. | |
| SLOAN ENVIRONMENTAL SERVICES, INC., a Michigan corporation, and ERIC SLOAN, an individual, | |
| Defendants. | |

## JOINT MOTION FOR APPROVAL OF FLSA SETTLEMENT

Plaintiffs Jerry Huddleston and Timothy Czekaj (referred to herein as "Plaintiffs") and Defendants Sloan Environmental Services, Inc. and Eric Sloan (referred to herein as "Defendants") file this Joint Motion for Approval of FLSA Settlement, and request that the Court approve the Parties' Settlement Agreement attached hereto as "Exhibit A." The Parties agree that the settlement set forth in the Settlement Agreement is fair and reasonable and that no hearing before the Court is needed or requested. This motion is supported by the accompanying Brief in Support.

## BRIEF IN SUPPORT OF JOINT MOTION
## FOR APPROVAL OF FLSA SETTLEMENT

### I.     FACTUAL BACKGROUND

On August 9, 2019, Plaintiff Huddleston filed a Complaint on behalf of himself and similarly situated employees of Defendant Sloan Environmental Services.  (ECF No. 1). At the time of filing the Complaint, Timothy Czekaj also joined the lawsuit as an opt-in Plaintiff.  (ECF No. 1-2). The Plaintiffs claim Defendants violated the Fair Labor Standards Act (FLSA), 29 U.S.C., § 201, *et. seq.* in allegedly failing to pay an overtime premium for hours worked in excess of 40 hours in a workweek.  Plaintiffs claim they were non-exempt employees of Defendants and were not paid overtime as required by the FLSA.  Defendants deny these allegations.

On November 13, 2019, Plaintiffs filed their motion for conditional certification and Court-authorized notice (ECF No. 11), which was granted by the Court. (ECF No. 14). On January 8, 2020, Plaintiffs' counsel disseminated notice of the lawsuit to thirty-three (33) putative collective members. (ECF No. 16).  In response to the notice, one additional employee (Jerry Lawson) submitted a consent form. (ECF No. 19). During the discovery period, the parties mutually agreed to resolve this case as it would be more efficient to do so than to litigate these claims. The Parties produced the necessary timekeeping and payroll records and settlement negotiations ensued by and through counsel for both Parties. The Parties determined

through this process that Plaintiff Lawson did not incur any overtime damages. The Parties, through their counsel, eventually negotiated a Settlement Agreement which is attached hereto as ***Exhibit A***.

The parties notified the Court that they reached a settlement on May 14, 2020, pending finalization of the Settlement Agreement and then proceeded to negotiate a resolution to Plaintiff's claims for attorneys' fees and costs. (ECF No. 20).

Through their counsel, the Parties are familiar with the facts of the case and the legal issues raised by the pleadings. Both before and during litigation, the Parties conducted a thorough investigation of the merits of the respective claims and defenses. Informed by their knowledge of the underlying facts and the relevant law, the Parties, through counsel, have negotiated a settlement of the Plaintiffs' FLSA claims, which includes:

1) $2,500 toward alleged unpaid overtime to Plaintiff Huddleston plus $2,500 in liquidated damages to Plaintiff Huddleston.
2) $2,650 toward alleged unpaid overtime to Plaintiff Czekaj plus $2,650 in liquidated damages to Plaintiff Czekaj.
3) $0 in monetary damages or relief to Plaintiff Lawson after a review of all records indicated he was not entitled to any alleged unpaid wages or liquidated damages.
4) A payment of attorney's fees and costs to Plaintiff's counsel in the amount of: $16,670.

The terms and conditions of the settlement as reflected in the attached Settlement Agreement are a product of the Parties' mutual negotiations and represent a reasonable compromise of the disputed issues in this case. Additionally, the Parties

believe that the certainty of the negotiated resolution is advantageous to the uncertainty of protracted litigation. The Settlement Agreement, as attached, includes every term and condition of settlement, and the Parties represent there are no outside terms or deals beyond the scope of that being submitted to the Court for review.

## II. STANDARD OF REVIEW

This Court is aware of the standard for approving FLSA settlements under the *Lynn's Food Stores* standards followed in the Sixth Circuit. As a general rule, "court approval is required for the settlement of claims for back wages or liquidated damages under the FLSA." *Arrington v. Mich. Bell Tel. Co.*, 2012 U.S. Dist. LEXIS 157362, *1 (E.D. Mich. Nov. 2, 2012) (citing *Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350, 1354 (11th Cir. 1982)).

"The proper procedure for obtaining court approval of the settlement of FLSA claims is for the parties to present to the court a proposed settlement, upon which the district court may enter a stipulated judgment only after scrutinizing the settlement for fairness." *Snook v. Valley Ob-Gyn Clinic, P.C.*, 2015 U.S. Dist. LEXIS 2989, *2-3 (E.D. Mich. Jan. 12, 2015) (citing *Lynn's Food*, 679 F.2d 1352-53). "If a settlement in an employee FLSA suit reflects 'a reasonable compromise over issues,' such as FLSA coverage or computation of back wages that are 'actually in dispute,' the court may approve the settlement 'in order to promote the policy of encouraging settlement of litigation.'" *Id.* (citing *Lynn's Food*, 679 F.2d at 1354).

The Sixth Circuit has identified seven factors to aid courts in the determination of whether a proposed FLSA settlement is fair, reasonable, and adequate:

> (1) the risk of fraud or collusion; (2) the complexity, expense, and likely duration of the litigation; (3) the amount of discovery engaged in by the parties; (4) the likelihood of success on the merits; (5) the opinions of class counsel and class representatives; (6) the reaction of absent class members; and (7) the public interest.

*Arrington*, 2012 U.S. Dist. LEXIS 157362 at *2-3; *see also Crawford v. Lexington-Fayette Urban Cnty. Gov't*, 2008 WL 4724499 at *3 (E.D. Ky. Oct. 23, 2008) (citing *Int'l Union, United Auto., Aerospace, and Agr. Implement Workers of Am. v. Gen. Motors Corp.*, 497 F.3d 615, 631 (6th Cir. 2007)). The above list is not exhaustive and courts do not necessarily apply all of the factors. Rather, the factors are guideposts used to determine the fairness of a proposed settlement. "A court applying these factors must do so in the context of the actual settlement." *Arrington*, 2012 U.S. Dist. LEXIS 157362 at *3.

### III.   THE PROPOSED SETTLEMENT IS FAIR AND REASONABLE UNDER THE *LYNN'S FOOD STORES* STANDARD

#### A.   The Absence of Fraud or Collusion in the Settlement

In the instant case, there is a *bona fide* dispute over whether Defendants violated the FLSA. Based on the amount to be paid to Plaintiffs in this settlement, it is clear there was no fraud or collusion. The settlement provides a substantial payment to the Plaintiffs for a full three years, and will eliminate the risks and costs

both sides would bear if this litigation continues to resolution on the merits. The Parties exchanged relevant documents and payroll data to educate each other about their respective positions. In agreeing upon the proposed settlement, the Parties had sufficient information and conducted an adequate investigation to allow them to make an educated and informed analysis and conclusion.

### B.  Complexity, Expense, and Likely Duration of the Litigation

The complexity, expense, and length of continued litigation militate in favor of this settlement. Both sides acknowledge that the Parties' respective positions are uncertain due to numerous factual and legal considerations. Should this matter continue, the Parties will engage in additional discovery for a lengthy period of time, likely followed any combination of dispositive motions.

If Plaintiffs ultimately prevailed at trial, Defendants would be faced with the prospect of a verdict against it and the obligation to pay Plaintiffs' damages, including attorneys' fees and costs. If Defendants ultimately prevailed, Plaintiffs face dismissal of their claims and little to no recovery. The Parties agree that either outcome is at least possible in this litigation. For these reasons, this settlement is a reasonable means for the Parties to minimize future risks and litigation costs.

### C.  Amount of Discovery Engaged in By the Parties

The Parties engaged in sufficient discovery, including Rule 26 Initial Disclosures and written discovery. As part of their settlement discussions, the

Parties also exchanged numerous documents and other data relevant to Defendants' pay practices and Plaintiffs' pay records, including all payroll and timekeeping records. The Parties reviewed this information, shared it with their respective clients, had discussions about it, and ultimately used it to evaluate and confirm the merits of the respective claims and defenses. One of the driving factors in this settlement was the desire to settle the case prior to incurring additional attorneys' fees and costs associated with conducting additional formal discovery.

D.   **The Likelihood of Success on the Merits**

Each Party's likelihood of success on the merits, and the degree of any such success, is uncertain, further suggesting that this settlement is fair and appropriate. Plaintiffs assert, and Defendants deny, that they are owed unpaid overtime due to Defendants' alleged FLSA violations. Defendants assert that Plaintiffs' allegations are not supported by the facts. The range of possible recovery by Plaintiffs is open to dispute. Even if Plaintiffs succeed on the merits of their claims, which would require substantial additional time and resources by both Parties, the specific amount of their recovery is uncertain. Thus, this proposed settlement is a fair and reasonable settlement in relation to the potential risks and recovery in this case.

E.   **The Opinion of Class Counsel and the Class Representatives**

Plaintiffs and their counsel are of the opinion that this proposed settlement is a fair and reasonable compromise of the disputed issues. This is evidenced by the

named Plaintiffs' signatures on the Agreement after lengthy discussions and being fully advised on the Agreement in all respects. Plaintiffs' counsel are experienced FLSA litigators and enjoy strong national reputations in this practice area.

### F.     The Reaction of Absent Class Members

There are currently no "absent class members" in this case. Plaintiffs brought this case under the FLSA and its collective action provision. 29 U.S.C. § 216(b). Because FLSA collective actions employ an "opt-in" mechanism, as opposed to the "opt-out" mechanism of Rule 23, no one is bound by this proposed settlement except those who affirmatively choose to participate.

### G.     The Public Interest

The public interest is served by the proposed settlement and it is consistent with the intent of Congress in enacting the FLSA: "to raise substandard wages and to give additional compensation for overtime work … thereby helping to protect this nation 'from the evils and dangers resulting from wages too low to buy the bare necessities of life and from long hours of work injurious to health.'" *U.S. v. Rosenwasser*, 323 U.S. 360, 361 (1945) (*quoting* Sen. Rep. No. 884 (75th Conf., 1st Sess.)).

## IV. THE COURT SHOULD APPROVE PLAINTIFFS' NEGOTIATED ATTORNEYS' FEES AND COSTS

Section 216(b) of the FLSA provides that "[t]he court in such action shall, in addition to any judgment awarded to the plaintiff or plaintiffs, allow a reasonable attorney's fee to be paid by the defendant, and costs of the action."  29 U.S.C. § 216(b).  An award of attorneys' fees to a prevailing plaintiff under § 216(b) of the FLSA is mandatory, but the amount of the award is within the discretion of the judge. *Fegley v. Higgins*, 19 F.3d 1126, 1134 (6th Cir. 1994).

Here, Plaintiffs' counsel's attorneys' fees and costs are reasonable given the legal theories presented in the case and the amount of resources expended to investigate, research, analyze, and prevail on Plaintiffs' overtime claims. Specifically, Plaintiffs' counsel spent a significant amount of time investigating the potential claims, drafting pleadings, engaging in document review, creating a damage model, participating in meetings with Defendants' counsel, researching case law, negotiating the settlement agreement, and filing the instant motion.  These activities are necessarily time consuming.  See Young Declaration, attached as ***Exhibit B***.

Plaintiffs submits that their attorneys' fees and costs are more than reasonable and should be approved.  Defendants take no position on Plaintiffs' request for approval of attorneys' fees and costs.

## V. CONCLUSION

Based upon the foregoing, the Parties believe the settlement terms are fair, reasonable, and adequate. Accordingly, the Parties jointly request that the Court grant this Joint Motion for Approval of the Settlement and enter an Order approving the settlement, dismissing the case with prejudice as to all FLSA claims, directing Defendants to make all payments within seven (7) days of the entry of the Order, and retaining jurisdiction over this case to enforce the Settlement Agreement.

Dated:  May 29, 2020

Respectfully submitted,

*/s/Jesse L. Young*
Jesse L. Young (P72614)
Kreis, Enderle, Hudgins & Borsos, P.C.
8225 Moorsbridge, PO Box 4010
Kalamazoo, Michigan 49003-4010
(269) 321-2311
jyoung@kreisenderle.com

*Counsel for Plaintiff*

*/s/Kenneth Hardin*
Kenneth Hardin (P44681)
Hardin Thompson, P.C.
30700 Telegraph Road, Suite 1675
Bingham Farms, MI 48025
(412) 944-2166
kenhardin@hardinlawpc.net

*Counsel for Defendant*

## CERTIFICATE OF SERVICE

I hereby certify that on May 29, 2020, I electronically filed the foregoing paper with the Clerk of the Court using the ECF system, which will send notification of such filing to all parties of record.

By:  */s/ Jesse L. Young*
Jesse L. Young (P72614)
jyoung@kehb.com