## **SETTLEMENT AGREEMENT AND LIMITED RELEASE OF CLAIMS**

This Settlement Agreement and Limited Release of Claims ("Agreement") is made and entered into between (a) Jerry Huddleston, and Timothy Czekaj ("Plaintiffs") and (b) Sloan Environmental Services and Eric Sloan ("Defendants,").

**WHEREAS**, Plaintiffs filed a lawsuit on or about August 9, 2019 and the case was captioned: *Jerry Huddleston, on behalf of himself and all similarly situated employees v Sloan Environmental Services, Inc., a Michigan corporation, and Eric Sloan, an individual*, Case No. 19-cv-12364 (the FLSA lawsuit), for the alleged non-payment of overtime wages in alleged violation of the Fair Labor Standards Act (The FLSA);

**WHEREAS**, Plaintiff Timothy Czekaj opted in to the litigation at the time of the filing of the Complaint, and Plaintiff Jerry Lawson opted in after all similarly situated employees were notified of the lawsuit;

**WHEREAS**, Plaintiff Jerry Lawson withdrew from the FLSA lawsuit after it was determined that he is not owed any back wages or liquidated damages;

**WHEREAS**, the parties desire to resolve all differences they have or may have with each other arising from or related to Plaintiffs' alleged employment and business relationships with the Defendants;

**WHEREAS**, Defendants deny any wrongdoing or liability under the FLSA, state law, or the common law;

**WHEREAS**, the parties agree that any claims, based on any theory of law, whether federal, state, or common law, are genuinely disputed claims, over which there has been good faith negotiations involving counsel of choice who are experienced counsel;

**WHEREAS**, the parties mutually desire to compromise said disputes between them in order to avoid the further cost, delay, and inconvenience of litigation;

**WHEREAS**, the parties desire to provide certain consideration to each other in exchange for the promises and agreements contained in this Agreement, including a mutual release of claim; and

**WHEREAS**, the parties wish to set fort their understandings in this Settlement Agreement and Limited Release;

**NOW THEREFORE**, in consideration of the promises, covenants, and releases contained herein and the exchange of valuable consideration the sufficiency of which is hereby acknowledged, except as otherwise provided herein and agree as follows:

1.  Effective Date. This Agreement will become effective on the day the Court enters an order approving this Agreement.

  2. <u>Settlement Payment</u>.  Within seven (7) days of the Effective Date, and in consideration of the terms and conditions of this Agreement, Defendants shall pay Plaintiffs the total gross amount of Twenty Six Thousand Nine Hundred and Twenty Dollars ($26,920.00) to be allocated and paid as follows:

   a. A check payable to Jerry Huddleston in the amount of $2,500 and 00/100 ($2,500.00), less all necessary tax withholdings, allocated to alleged lost wages, to be tendered to his counsel. Defendants will issue an IRS form W-2 in the ordinary course of business for this amount.

   b. A check payable to Jerry Huddleston in the amount of $2,500 Dollars and 00/100 ($2,500.00), allocated to liquidated damages, to be tendered to his counsel. Defendants will issue an IRS form 1099 in the ordinary course of business for this amount.

   c. A check payable to Timothy Czekaj in the amount of $2,625 and 00/100 ($2,625.00), less all necessary tax withholdings, allocated to alleged lost wages, to be tendered to his counsel. Defendants will issue an IRS form W-2 in the ordinary course of business for this amount.

   d. A check payable to Timothy Czekaj in the amount of $2,625 Dollars and 00/100 ($2,625.00), allocated to liquidated damages, to be tendered to his counsel. Defendants will issue an IRS form 1099 in the ordinary course of business for this amount.

   e. A check payable to Kreis Enderle Hudgins & Borsos, PC in the total gross amount of $16,670 Dollars and 00/100 ($16,670.00), allocated to attorneys' fees and costs, to be tendered to Plaintiffs' counsel. Defendants will issue an IRS form 1099 to Kreis Enderle in the ordinary course of business for this amount.

   f. No monies will be paid to opt- in Plaintiff Jerry Lawson as it has been determined that he is not owed any back wages or liquidated damages.

  3. <u>Limited Release</u>.  Plaintiffs releases Defendants and their related or affiliated entities, including but not limited to, its subsidiaries, its respective predecessors and successors in interest, and each past, present, or future owner, shareholder, director, officer, partner, employee, attorney, agent, insurer, beneficiaries, executor, administrator, personal representative, consultant, successor or assign of each such person or entity described above (collectively, the "Released Parties"), from all wage-and-hour claims, whether such claim arises under common law or pursuant to federal or state statute, ordinance, or regulation, including all claims under the Fair Labor Standards Act, the Michigan Workforce Opportunity Wage Act, or any similar state wage-and-hour law that was brought or could have been brought for unpaid wages.

      4.    <u>Mutual Non-Disparagement</u>.  Plaintiffs agree not to defame, or otherwise disparage the Defendants or any of their related entities or employees.   Likewise, Defendants agree not to defame, or otherwise disparage, Plaintiffs, their heirs, personal representatives, successors or assigns.

      5.    <u>Dismissal of Lawsuit</u>.  The parties agree that, upon execution of this Agreement, they will file an acceptable joint motion seeking approval of this Agreement and dismissal of the lawsuit with prejudice and without any fees or costs to either party except as otherwise set forth herein.

      6.    <u>No Admission of Liability</u>.  It is understood and agreed by the parties that this Agreement does not constitute an admission by any of the parties that they have violated any statute or other law, committed any unlawful act or breached any contract.  It is also understood and agreed by the parties that this Agreement is entered into solely for the purpose of compromise in an effort to fully resolve all matters relating in any way to the alleged employment and/or business relationship between Plaintiffs and Defendants.

      7.    <u>Miscellaneous Terms and Conditions</u>.

          a.    This Agreement sets forth the entire agreement between the parties with respect to the subject matter of this Agreement and fully supersedes all prior negotiations, representations and agreements, whether written or oral, between the parties with respect to the subject matter of this Agreement.

          b.    The terms and conditions of this Agreement shall extend to, be binding upon and inure to the benefit of the heirs, administrators, representatives, executors, successors and assigns of the parties.

          c.    This Agreement shall be construed in accordance with and pursuant to the internal laws of the state of Michigan, without regard to choice of law rules, and the parties (i) agree that litigation initiated by any party concerning the interpretation or implementation of this Agreement shall exclusively be brought and litigated in a state court of competent jurisdiction in Wayne County, Michigan or in federal court of competent jurisdiction in the Eastern District of Michigan; (ii) consent to the personal jurisdiction of such courts; and (iii) waive any defense of forum non conveniens.

          d.    If any term or condition of this Agreement is applied to any party or to any circumstance that is adjudged to be illegal, invalid or inoperable, that illegality, invalidity or inoperability shall not affect the remainder of the Agreement, its validity or enforceability.

          e.    Each party has had an ample opportunity to make suggestions or changes to the terms and conditions in this Agreement.  The terms and conditions of all parts of this Agreement shall in all cases be construed as a whole, according to their fair meaning, and not strictly for or against any drafter.

    f. This Agreement may be executed in two or more counterparts, each of which shall be deemed an original and all of which together shall constitute one and the same instrument.

    g. The parties agree that no other promise or inducement has been offered for this Agreement other than as set forth herein and that this Agreement is executed without reliance upon any other promises or representations.

    h. In exchange for the consideration and the settlement payment amounts, Plaintiffs agree that they will not now, or in the future, seek any employment or re-employment with Defendants or any entities affiliated in any way with Defendants.

IN WITNESS WHEREOF, the parties hereto have caused this Agreement to be duly and properly executed.

### READ ENTIRE AGREEMENT CAREFULLY BEFORE SIGNING

**Sloan Environmental Services, Inc.**

Date:_____

By: Eric Sloan
Its Owner

**Eric Sloan**

Date:_____

Signature

**Jerry Huddleston**

Date: 05/29/2020

*[signature: Jerry Huddleston]*

Signature

**Timothy Czekaj**

Date: 05/29/2020

*[signature]*

Signature

4

f. This Agreement may be executed in two or more counterparts, each of which shall be deemed an original and all of which together shall constitute one and the same instrument.

g. The parties agree that no other promise or inducement has been offered for this Agreement other than as set forth herein and that this Agreement is executed without reliance upon any other promises or representations.

h. In exchange for the consideration and the settlement payment amounts, Plaintiffs agree that they will not now, or in the future, seek any employment or re-employment with Defendants or any entities affiliated in any way with Defendants.

IN WITNESS WHEREOF, the parties hereto have caused this Agreement to be duly and properly executed.

**READ ENTIRE AGREEMENT CAREFULLY BEFORE SIGNING**

**Sloan Environmental Services, Inc.**

Date: 6-2-2020

_EV_ President
By: Eric Sloan
Its Owner

**Eric Sloan**

Date: 6-2-2020

_EV_
Signature

**Jerry Huddleston**

Date:_____

_____
Signature

**Timothy Czekaj**

Date:_____

_____
Signature

4